UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER LEIGH RICE,

              Petitioner,

v.

JANE PARNELL,

              Respondent.

CASE NO. C15-5381 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 15), and Petitioner Jennifer Leigh Rice's ("Rice") objections to the R&R (Dkt. 16).

On January 6, 2016, Judge Creatura issued an R&R recommending that the Court deny Rice's petition for habeas corpus and decline to issue a certificate of appealability. Dkt. 15. On January 27, 2016, Rice filed objections. Dkt. 16.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). The Advisory Committee

Notes provide that "the rule requires the district judge to whom the case is assigned to make a de novo determination of those portions of the report, findings, or recommendations to which timely objection is made."  "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 CIV. 6865 LTS-GWG, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008).

In this case, Rice raises mostly general and conclusory objections.  For example, Rice contends that her general objection to the R&R "obligat[es] this court to make a de novo determination of the entire matter." Dkt. 16 at 2.  Such a proposition would result in Judge Creatura's review being entirely duplicative and meaningless.  Thus, the Court disagrees with Rice that a de novo review is triggered by the filing of a single, general objection.  Regardless, the Court briefly reviewed her 150-page petition (Dkt. 1) and reviewed the parties' other briefs (Dkts. 10, 14).  After this review, the Court concludes that Judge Creatura adequately considered Rice's grounds for relief and did not make any error, let alone clear error, in recommending that Rice's petition be denied.  Therefore, with regard to the merits of Rice's claims, the Court adopts the R&R.

With regard to the remainder of Rice's objections, she claims that the matter should be returned to Judge Creatura for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2).  Judge Creatura rejected Rice's original request for a hearing because her claims relied on established rules of constitutional law and Rice failed to show that she was unable to develop the factual basis for any claim in the state court proceedings.  The

Court agrees because Rice has failed to show that any further factual development is necessary to consider her grounds for relief.  The Court adopts the R&R on this issue.

Finally, Rice objects to Judge Creatura's recommendation that the Court should decline to issue a certificate of appealability.  The Court, however, agrees with Judge Creatura that Rice has failed to show the denial of any constitutional right or that reasonable jurists could disagree as to the denial of her claims.

Therefore, the Court having considered the R&R, Rice's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The Court **DENIES** Rice's habeas petition on the merits;

(3) The Court **DENIES** a Certificate of Appealability; and

(4) This action is **DISMISSED**.

Dated this 25th day of April, 2016.

BENJAMIN H. SETTLE
United States District Judge